IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRACY BROWN, | § | Civil Action No. 4:18-cv-04416 |
| | § | |
| *Debtor.* | § | |

## ORDER

Before the Court is the bankruptcy appeal of Tracy Brown ("Brown"), the Debtor, in which Brown is asking this Court to reverse the bankruptcy court's order approving the settlement of certain claims made by Brown as a result of a 2015 automobile accident. Brown filed a Motion/Application to Proceed *In Forma Pauperis* (Doc. No. 11), which the Court granted, as well as an Appellant's Brief (Doc. No. 12) and an Amended Brief (Doc. No. 13).

Brown's complaints, while somewhat difficult to discern, focus on the fact that the law firm which represented her in the underlying matter received its fees and costs pursuant to the contingency agreement she had executed. She also complains that the bankruptcy court, which had already held two different hearings on the matter (on March 22, 2018 and July 12, 2018), denied her motion for rehearing despite the fact she was unable to attend the November hearing due to car trouble.

**I.    Standard of Review: Bankruptcy Appeal**

Generally speaking, the district court applies the same stand of review for bankruptcy court decisions as appellate courts use when reviewing district court decisions. *See Hous. Bluebonnet, L.L.C. v. JPMorgan Chase Bank (In re Hous. Bluebonnet, L.L.C.)*, 586 B.R. 837, 842 (S.D. Tex. 2018) (citing *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)). Findings of fact are reviewed for clear error; issues of law and mixed questions of law and fact are

reviewed *de novo*. *Szwak v. Earwood (In re Bodenheimer, Jones, Szwak, & Winchell L.L.P.)*, 592 F.3d 664, 668 (5th Cir. 2009); *see also Wooley v. Faulkner (In re SI Restructuring, Inc.)*, 542 F.3d 131, 134–35 (5th Cir. 2008). This Court "may affirm for any reason supported by the record, even if not [explicitly] relied on by the [bankruptcy] court." *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009).

Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, approval of compromise settlements is at the discretion of the bankruptcy court. Appellate courts review these decisions for abuse of discretion. *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984). A bankruptcy court does not abuse its discretion unless "'its ruling is based on an erroneous review of the law or on a clearly erroneous assessment of the evidence.'" *Leonard v. Luedtke (In re Yorkshire LLC)*, 540 F.3d 328, 331 (5th Cir. 2008) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)).

In ruling on a motion to approve a compromise or settlement under Rule 9019, the role of the bankruptcy court is to determine whether the compromise reached is "'fair and equitable and in the best interest of the estate.'" *Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015) (quoting *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995)). In determining whether a settlement is fair and equitable, the bankruptcy court must evaluate: (1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of compromise. *Id.* (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980)). Other factors include the best interest of the creditors, with proper deference to their reasonable views and the extent to

which the settlement is truly the product of arms-length bargaining, and not fraud or collusion. *Id.* (internal citation and quotation omitted); *In re Foster Mortg.*, 68 F.3d at 917–18.

**II.     Proceedings Below**

As stated above, the bankruptcy court held two hearings on the merits of the proposed confirmation of the settlement concerning Brown's automobile accident. The first was in March, at which the interested parties, including Brown, appeared and participated, set out the issues and presented the court with certain arguments and facts. The court, in an abundance of caution, did not rule at that hearing. Instead, it continued the case to July 12, 2018, at which time it not only heard the argument of counsel and Brown, but also took relevant testimony. Brown participated in the hearing and even questioned a witness.

At the conclusion of that hearing, all parties, including Brown, indicated their approval for the settlement. The bankruptcy court specifically verified that it had Brown's approval:

> THE COURT: Okay. And so I want to make sure I understand your position, Ms. Brown, let me see if I can articulate it and you can tell me whether I am—I have correctly stated your position.
>
> MS. BROWN: Yes, your Honor.
>
> THE COURT: That you're okay with the $30,000 settlement; that you're okay with the law firm getting it's one-third, that is the $10,000; that you're okay with the law firm getting its expenses of $747.75, but you want to back out and not give the law firm the four entries on your Chase sheet that you had to pay that you think you shouldn't have had to pay if they had properly done their representation to you to assist with property damage?
>
> MS. BROWN: Yes. Yes, your Honor. As well—
>
> THE COURT: Okay.

(Case No. 4:16-bk-34187, Doc. No. 108, pp. 43–44).

The bankruptcy court approved the settlement and stated on the record how the proceeds would be divided. This approval was no doubt based upon the support of all attending, including

3

Brown, but also on the fact that it was a policy limits settlement. The court also approved the attorney's fees for the Daspit Law Firm, which were based upon a one-third contingency. The court made minor adjustments to its requested costs.

Ultimately, Brown filed a motion for rehearing (*id.*, Doc. No. 111). The court set a hearing on this motion, which Brown failed to attend due to car trouble. In that hearing, the court reaffirmed its earlier order approving the settlement. Brown filed a motion to reconsider (*id.*, Doc. No. 126). In denying this motion, the court did mention Brown's failure to attend, but more importantly it emphasized that Brown's position had already been considered by the court in July and when the court reconsidered those issues in November, it ultimately found the July ruling to be correct. (*Id.*, Doc. No. 127).

### III. The Merits

This Court finds the decision of the bankruptcy court to be correct both substantively and procedurally. The pre-suit settlement was for policy limits, with only a one-third contingency fee. If suit were filed, the contingency fee would rise to 40% (as would the costs) and the chances to gain more proceeds than the insurance policy limits were at best minimal. It was the best outcome for the estate, the creditors, the Trustee, and the Debtor. The fact that the lawyers received their contractually agreed to fee does not distract from this result. It was their work that obtained the settlement. While it is clear that Brown and the lawyers have their differences, the bankruptcy court was not the place to resolve them. (In fact, at one point Brown argued that she wanted the law firm to be criminally prosecuted).

Procedurally, the bankruptcy court had two hearings that Brown attended, with the second hearing being the one at which the matter was approved (with her consent). The third hearing, which she missed, was held at a time and date she requested (*id.*, Doc. No. 116). While she may

4

have had car trouble, she did not call or email or in any other fashion contact the court to advise it of her difficulty. There was no procedural error.

The bankruptcy court gave this matter an extraordinary amount of attention and reached the correct conclusion. Its judgment is hereby affirmed.

SIGNED at Houston, Texas this 13th day of February, 2020.

Andrew S. Hanen
United States District Judge